IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 115-107 |
| | ) | |
| WILLIAM MARK MCGHEE | ) | |
| CECIL BRADY HILL | ) | |
| DANIEL WALTER WADE, JR. | ) | |
| RACHEL LEE PADGETT | ) | |

**O R D E R**

In consideration of the oral motion made by defense counsel at arraignment, the Court hereby **GRANTS** an extension of time for the filing of Defendants' pre-trial motions from the standard deadline of December 23, 2015 to the extended deadline of January 8, 2016. The government shall have until January 22, 2016, fourteen days after the defendants' motions are due, to file a joint response. Furthermore, any motions by the government related to pre-trial discovery must be filed at the time of the government's joint response to defense motions. Counsel shall file a separate motion for each relief sought and not file a consolidated motion.

The Court finds, as a matter of fact and law, that the extended motions period given herein is not for the purpose of delay, but in the furtherance of justice, and to protect the defendant's right to a fair trial given the volume of discovery produced by the government, the complexity of the case, and the number of defendants. The Court also finds that the extension is for the purpose of allowing reasonable time necessary, assuming the exercise of

due diligence, for the effective preparation of defense counsel in that counsel needs additional time to review the voluminous discovery information to be provided by the government. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting an extended motions period outweigh the best interests of the public and the defendant in a speedy trial, the Court **GRANTS** the request by defense counsel. The period of delay resulting from this extension – December 23, 2015, through and including January 8, 2015 - is excluded in computing the time within which the trial of this matter may commence.

Pre-trial motions received by the Clerk outside the required period shall not be filed without leave of Court. Untimely motions will not be considered absent a showing of good cause for failure to file within the time set by the Court.

The government and defense counsel are reminded of their responsibility under Local Criminal Rule 16.1 to confer regarding discovery in this case. In light of the government's customary practice of providing liberal discovery, many (if not all) of the routine discovery motions filed by a defendant may be satisfied without the need for Court intervention. The Court will conduct a motions hearing to consider any unresolved motions. Prior to scheduling any such hearing, the Court will ask the parties to specify which motions (if any) remain in dispute.

If the government intends to use at trial evidence of "other crimes, wrongs or acts" under Federal Rule of Evidence 404(b), it must comply with the Court's Local Rules regarding this type of evidence. Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3. If the government intends to use 404(b) evidence, its notice, in whatever form the government chooses to use, must be filed within twenty (20) days after the arraignment and must outline

in general form the evidence to be offered and provide a memorandum of law stating the purpose(s) for which the evidence will be offered and case law supporting the government's position.

Unless otherwise instructed by the presiding District Judge, counsel are instructed to file all requests to charge and proposed voir dire questions at least seven (7) days before jury selection. Counsel representing indigent clients must make their requests for witness subpoenas or writs for the production of prisoner witnesses at least ten (10) work days before the evidentiary hearing or trial, whichever is applicable. Counsel's requests for witness subpoenas must articulate specific facts demonstrating both the relevancy and necessity of the requested witnesses' testimony. United States v. Rinchack, 820 F.2d 1557, 1566 (11th Cir. 1987).

Finally, defense counsel are reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Local Criminal Rule 16.1. Any discovery material turned over to a defendant shall be maintained by that defendant and not further disseminated. Failure to comply with the terms of this Order regarding dissemination of discovery material may result in contempt proceedings.

SO ORDERED this 11th day of December, 2015, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA