IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-107-4 |
| | * | |
| RACHEL LEE PADGETT | * | |

O R D E R

On September 13, 2016, this Court sentenced Defendant Rachel Lee Padgett upon her guilty plea to serve 240 months of imprisonment. C. Scott Connell, Esq., had been appointed under the Criminal Justice Act to represent her. A notice of appeal was filed on September 19, 2016. Thereafter, Mr. Connell sought to withdraw from the representation of Defendant Padgett, but this Court denied his motion to withdraw. (See Order of October 6, 2016, Doc. 181.) Thus, Mr. Connell contines to represent Defendant Padgett for purposes of her appeal.

In spite of Mr. Connell's representation, Defendant Padgett has sent five pro se documents to this Court in a span of 45 days. Three of the documents were letters. Typically, the Clerk will not accept letters for filing in a criminal case. Rather, all requests for relief should be in the form of a motion directed to the attention of the Clerk of Court and must bear a case caption and case number. Letters sent

directly to judges will not be considered henceforth. Two of the letters, one addressed to the United States Magistrate Judge and one sent to the undersigned district judge, ask that she be appointed new counsel to represent her on appeal.[1]

It is apparent in most of Defendant Padgett's filings that she is dissatisfied with Mr. Connell's representation. In particular, Defendant Padgett is greatly concerned with an apparent lack of communication between her and Mr. Connell. Nevertheless, the Court is confident that Mr. Connell will honor his continuing obligation to competently represent his client unless or until he is permitted to withdraw by the Eleventh Circuit. Given Mr. Connell's representation of Defendant Padgett before this Court and this Court's history with Mr. Connell, there is no reason to expect otherwise.

More importantly, this case and issues pertaining to counsel's representation now rest with the Eleventh Circuit

---

[1] The letter dated December 16, 2016, was directed to Magistrate Judge Epps. The Clerk filed the letter as a motion to appoint counsel (doc. 193) - a permissible pro se filing under the Local Rules. The Local Rules for the Administration of Criminal Cases provides that this Court will not accept pro se filings from a criminal defendant who is represented by counsel unless the motion is for appointment of new counsel or a motion to proceed pro se. Loc. Crim. R. 44.2, S.D. Ga.

A letter dated December 13, 2016, was sent directly to my chambers and received on December 19, 2016. The letter also seeks the appointment of new counsel to represent Defendant Padgett on appeal. Because it is redundant of the motion and not in the proper form of a motion bearing the case caption and case number, the Clerk is directed to return this letter to Defendant Padgett with the service copy of this Order.

Court of Appeals. See Addendum Four (e)(3) of the Eleventh Circuit's Plan Under the Criminal Justice Act ("If a party for whom counsel was appointed by the district court under the Act wishes appointed counsel relieved and replacement counsel appointed, the party shall file with the clerk of the court of appeals a motion requesting such relief . . . ."). This Court therefore is not authorized to make the change requested by Defendant Padgett. Even if it were, this Court would not be inclined to appoint a third attorney to the case in what would effectively be a waste of judicial resources in light of Defendant Padgett's appeal waiver in the plea agreement. Accordingly, the Clerk is directed to **TERMINATE** Defendant Padgett's motion to appoint new counsel (doc. 193).[2]

Turning now to the other pro se filings recently received by Defendant Padgett, the Clerk is directed to **TERMINATE** all docketed motions to include: (1) Motion for Copies, dated November 13, 2016 and received November 18, 2016 (doc. 185);

---

[2] Of note, Defendant Padgett has expressed a desire to file collateral motions attacking her plea agreement, conviction and sentence. It is well settled that "a criminal defendant has no right to counsel beyond [her] first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). To the extent Defendant Padgett seeks counsel to aid in the prosecution of a civil motion, she has not demonstrated the exceptional circumstances required to justify the appointment of counsel. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is a privilege "'justified only by exceptional circumstances.'" (quoted source omitted)).

3

(2) Motion to Compel, dated December 19, 2016 and received December 22, 2016 (doc. 192); and (3) Motion for Specific Enforcement of the Plea Agreement, dated December 19, 2016 and received December 23, 2016 (doc. 194). As stated, this Court will not accept pro se filings from a criminal defendant who is represented by counsel unless the motion is for appointment of new counsel or a motion to proceed pro se. Loc. Crim. R. 44.2.

Even though the Court has terminated the motions, further comment is warranted. First, with respect to the motion for copies, Defendant Padgett asks for a copy of all documents filed in her case from December 2015 to present. She insists that she needs the documents to do her own "legwork" in filing future motions, including a motion under 28 U.S.C. § 2255. (Doc. 185, at 1.) Here, the Court notes that a habeas petitioner is only entitled to receive free copies of documents *if* the trial judge certifies that a habeas petition is not frivolous and the documents are needed to decide the issues presented. 28 U.S.C. § 753(f); see also Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992); Walker v. United States, 424 F.2d 278, 278-79 (5th Cir. 1970) (stating that "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error"). Because Defendant Padgett does not have a pending habeas proceeding in this

4

Court, her motion is premature.

Next, Defendant Padgett's motion to compel production of documents asks this Court to compel her former attorney, Mr. Brendan N. Fleming, to turn over certain documents in his possession: (1) certain letters written to her by her codefendant William Mark McGhee a/k/a "Red"; and (2) a particularized email from Assistant United States Attorney Patricia Rhodes to Mr. Fleming. Defendant Padgett states that these documents are "absolutely crucial to her appeal." (Doc. 192, at 1.) As noted, Defendant Padgett is represented by counsel on appeal. In aid of this particular request, however, the Court asks that Mr. Connell confer with Mr. Fleming on the matter. Beyond that, Defendant Padgett is cautioned that it is within Mr. Connell's province to determine whether the documents he obtains from Mr. Fleming, **if any**, aid in the appeal of her sentence and conviction.

Finally, Defendant Padgett's claim that Defendant breached the plea agreement is not a matter this Court can address in the current posture of the case. Indeed, the timely filing of a notice of appeal divests the district court of jurisdiction to address the issue. See, e.g., United States v. Vicaria, 963 F.2d 1412, 1415 (11th Cir. 1992). Also, a claim for breach of the plea agreement may be raised in a § 2255 motion. United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) ("[A] § 2255 motion may be used to enforce

promises made in a plea agreement.") (citations omitted).

In conclusion, the Clerk is directed to **TERMINATE** the following motions: (1) Motion for Copies (doc. 185); (2) Motion to Compel (doc. 192); (3) Motion to Appoint Counsel (doc. 193); and (4) Motion for Specific Enforcement of the Plea Agreement (doc. 194). Defendant Padgett is forewarned that the Clerk will not docket any filing that is not in the form of a motion, and in particular, Defendant Padgett should immediately cease writing letters directly to a judicial officer. Finally, <u>until the appeal of this case is resolved</u>, the Clerk is instructed not to docket any pro se motion, see Loc. Crim. R. 44.2, unless the Eleventh Circuit permits Defendant Padgett to proceed pro se.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of January, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA